UNIVERSAL MAJOR ELECTRIC APPLIANCES, INC., Respondent, v. RUDISCO, INC., Appellant.— Appeal from an order of the Supreme Court, Special Term, Albany County granting summary judgment and from the judgment entered on said order. The action is for goods sold and delivered, allegedly by three corporations. Plaintiff is alleged to be their successor and the owner of their assets " by merger or by assignment". The sales were made, however, pursuant to a " distributor sales agreement" between defendant, as distributor, and Refrigeration Sales Company. The latter entity (whether corporate or otherwise does not appear) is not mentioned in the complaint and is referred to but once in plaintiff's moving affidavit, in which it is said to be the " sales organization" for still another corporation, which is not mentioned in the complaint but in the affidavit is said also to have merged in plaintiff corporation. The answer controverts, by denials of knowledge or information sufficient to form a belief, the allegations that plaintiff is the successor of the three corporations named in the complaint and the owner of their assets " by merger or by assignment". No documentary proof or other evidentiary fact supports the allegation of the transfer of the interest and claim of Refrigeration Sales Company to plaintiff by any form of merger. The allegation of a transfer in an alternative manner (i.e., " or by assignment") is completely without factual support. Defendant's position is further strengthened by the circumstance that the fact and source of title are not within his knowledge, but largely, if not exclusively, within that of plaintiff. (See *Verity* v. *Peoples State Bank of Baldwin*, 1 A D 2d 833; *Rogan* v. *Consolidated Coppermines Co.*, 117 Misc. 718; 5 Carmody-Wait Cyclopedia of New York Practice, p. 144, § 21.) We conclude that judgment on the complaint should not have been awarded. The answer which was stricken out contained counterclaims which must also be examined. In the first, defendant seeks damages for plaintiff's unreasonable delays in filling orders. The moving affidavit states: " I might state parenthetically that at no time was there any delay in delivery. All orders were filled as promptly as possible. The proffered defense is an afterthought". Such statements fall far short of constituting evidence as to the delivery of the various items without the unreasonable delay alleged. Plaintiff asserts that there was attached to the complaint, although not printed with the papers on appeal, the itemized schedule authorized by section 255-a of the Civil Practice Act and that defendant is foreclosed by failing in its answer to indicate the items " which he disputes in respect of delivery". Read in context, the statutory language quoted clearly refers to the fact, and not the timeliness, of the delivery. Similarly, the contract provision that the seller's failure to make deliveries of orders shall not give defendant any claim for damages does not seem to us necessarily to exculpate the seller except for failure to accept and fill orders and it does not follow, or at least cannot be determined on the papers before us, that the provision comprehends an otherwise actionable delay in making delivery of an order, once it has been accepted. The second counterclaim claims damages for the amount of advertising costs to be paid by plaintiff, apparently pursuant to an alleged agreement independent of the original contract. Plaintiff's categorical denials of such an agreement are conclusory merely and do not constitute evidentiary facts. The third counterclaim is for damages in the amount of the cost of goods which plaintiff failed to take back on the termination of the contract, allegedly pursuant to another agreement independent thereof. Here, too, we deem plaintiff's bare denials insufficient, particularly in the absence of any proof by any of the

persons, one of them an officer, claimed by defendant to have made the agreement on plaintiff's behalf. Certain correspondence between the parties as to the state of the parties' accounts has evidentiary force but no conclusive effect. Order and judgment reversed, on the law and the facts, with costs and motion denied with $10 costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.